Shippen, Justice,
I also concur. I acknowledge that, on the argument, I thought differently, from an apprehension that the course of mercantile negociations might be obstructed ; but, on considering the case immediately after the Term, I was fully satisfied, that both on principle and by law, the mere holding a bill of exchange, cannot entitle an intermediate indorsee to call upon the acceptor for payment.
Upon principle it cannot be; because, when a man indorses an accepted bill, he parts with all his right to the indorsee, for a valuable consideration, and, as to him, the acceptor is discharged ; the right of calling upon the acceptor can never be regained, but by taking up the bill from the last indorsee, and paying him the money. Some evidence of this payment must be necessary; otherwise, one who finds, or steals, the bill, might sue the acceptor, and he would be answerable again to the last indorsee, who never having received satisfaction would surely recover from the acceptor. The usage, on enquiring, I find to be now, what it appears to have been in Lord Holt's time, that when the last indorsee receives the money from an intermediate indorsee, he *149 gives a receipt upon the protests, which always accompanies the bill, and shews who has the legal and equitable right to sue the acceptor.
The case of Mendez v. Carreroon, in Ld. Raym. 742. does not stand alone : In 1 Lutw. 888. the same principle appears in an adjudged case, upon a writ of error. The Court say, that when the payee has once indorsed the bill, the acceptor is entirely discharged as to him, unless he becomes again intitled to receive the money by an actual payment to the indorsee.
Some later cases have the same aspect, and no case appears to the contrary.
M‘Kean, Chief Justice,
after recapitulating the facts, and authorities, proceeded in the following words :
The acceptor of a bill of exchange is only liable to the last indorsee; for, all the prior indorsers have parted with their interest in it, are presumed to have received a valuable consideration for it, and can, therefore, have no right to the money a second time. But if the last indorsee protests the bill for non-payment, and afterwards receives back the money from a prior indorsor, such indorsor acquires a new title to receive the money from the acceptor, by such payment: So that at the time this action was commenced, the defendant was liable to no person but the last indorsee; or to the prior indorsor, who had paid him. This is by the custom of merchants, as appears in the case of Death v. Serwonters, Lutwyche. 888. and Lewin v. Brunetti. 898. The plaintiffs have accordingly alledged, that they paid the subsequent indorsee, but offered no proof of it, except to produce the bills and protests. This is not sufficient; they should have produced a receipt from the last indorsee, or some witness, or evidence of payment. The usual evidence in such case is a receipt at the foot of the protest. 1 Ld. Raym. 742. In that case the merchants, who had been sworn respecting the custom, were of opinion, that this was the only evidence; but we think with Lord Holt, that if payment be any way proved, it is sufficient. If the defendant should pay the plaintiff the amount of the bills, and the last indorsee should hereafter sue him, what can prevent him from recovering the money ? The defendant cannot prove that he had been paid by the plaintiff, who may have come into possession of the bills by trover, bailment for a special purpose, or by fraud. Why was the action not brought in the name of the last indorsee ? If it had, the holding of the bills might have raised a presumption, that the plaintiffs were agents for him. The case in Ld. Raym. is in point: There the plaintiff not only had possession of the bill, but he had been sued by the subsequent indorsee, and a judgment was against him. What might be admitted as prima facie evidence in other cases, will not do in such a case as this, since the custom among merchants is opposed to it as appears from all the writers and collectors of cases, from the report by Ld. Raym. until the present time. There is a case referred to, in 3 Term. Rep. p. 127. which also confirms this doctrine.The acceptor of a bill of exchange is only liable to the last indorsee; for, all the prior indorsers have parted with their interest in it, are presumed to have received a valuable consideration for it, and can, therefore, have no right to the money a second time. But if the last indorsee protests the bill for non-payment, and afterwards receives back the money from a prior indorsor, such indorsor acquires a new title to receive the money from the acceptor, by such payment: So that at the time this action was commenced, the defendant was liable to no person but the last indorsee; or to the prior indorsor, who had paid him. This is by the custom of merchants, as appears in the case of Death v. Serwonters, Lutwyche. 888. and Lewin v. Brunetti. 898. The plaintiffs have accordingly alledged, that they paid the subsequent indorsee, but offered no proof of it, except to produce the bills and protests. This is not sufficient; they should have produced a receipt from the last indorsee, or some witness, or evidence of payment. The usual evidence in such case is a receipt at the foot of the protest. 1 Ld. Raym. 742. In that case the merchants, who had been sworn respecting the custom, were of opinion, that this was the only evidence; but we think with Lord Holt, that if payment be any way proved, it is sufficient. If the defendant should pay the plaintiff the amount of the bills, and the last indorsee should hereafter sue him, what can prevent him from recovering the money ? The defendant cannot prove that he had been paid by the plaintiff, who may have come into possession of the bills by trover, bailment for a special purpose, or by fraud. Why was the action not brought in the name of the last indorsee ? If it had, the holding of the bills might have raised a presumption, that the plaintiffs were agents for him. The case in Ld. Raym. is in point: There the plaintiff not only had possession of the bill, but he had been sued by the subsequent indorsee, and a judgment was against him. What might be admitted as prima facie evidence *150 in other cases, will not do in such a case as this, since the custom among merchants is opposed to it as appears from all the writers and collectors of cases, from the report by Ld. Raym. until the present time. There is a case referred to, in 3 Term. Rep. p. 127. which also confirms this doctrine.
Let judgment be entered for the defendant, as in case of a non-suit.